UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL LEE HORTON II                                                                   PETITIONER

VERSUS                                                   CIVIL ACTION NO. 3:14-cv-346-CWR-FKB

BONITA MOSLEY, Warden                                                              RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, Samuel Lee Horton II, register number 57578-112, an inmate incarcerated at the Federal Correctional Complex - Yazoo City Low (FCC-Yazoo), Yazoo City, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241 on April 24, 2014. The Petitioner has named as the respondent Warden Mosley. As relief, Petitioner is requesting that Case Manager Hardy be removed from her job and Petitioner be transferred to the institution of his choice. Pet. [1] at 8.

Background

Petitioner states that he is a federal inmate housed at the FCC - Yazoo. Pet. [1] at 1. According to Petitioner, on February 25, 2013, he sent an electronic request to Case Manager Hardy requesting a transfer to either Miami or Coleman - Low. *Id*. at 10. On March 15, 2013, Petitioner was informed that his application and request for transfer indicated that "[d]uring his program review, he . . . requested a transfer to FCC Yazoo City, Low, MS." *Id*. Petitioner's ground for habeas relief is "Falsification of Documents by a Federal Officer." *Id*. at 6.

Analysis

A petition for habeas relief pursuant to § 2241 will not be granted unless the petitioner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Moreover, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of

Appeals for the Fifth Circuit in *Pierre* stated that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36.

Based on the allegations asserted by the Petitioner, this Court finds that the Petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence and he is not alleging that he is incarcerated for a federal criminal conviction which violates the Constitution or law or treaties of the United States. Petitioner is clearly challenging a condition of his confinement, *i.e.*, where he is housed. The issue of Petitioner's place of incarceration presently before this Court has nothing to do with a claim of early release from his incarceration. In fact, the Fifth Circuit has specifically held that a § 2241 habeas petition does not authorize this Court to transfer the Petitioner to a BOP correctional facility or to another facility. *See Hernadez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990)(finding the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition"); *see also Antonelli v. Mukasey*, 275 F. App'x 314, 315 (5th Cir. Apr. 18, 2008)(determining that a claim concerning housing was not proper as a § 2241, and even if such a claim was proper, the petitioner has no constitutional right to be housed in a particular facility, *citing Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)). Therefore, the claim of the instant petition is not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

## Conclusion

As stated above, the Petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 because he has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 is dismissed with prejudice without an

---

[1] The Court finds that even if it were to convert this § 2241 petition to a more appropriate procedural vehicle the Petitioner has not established that he is entitled to relief. *See Antonelli*, 275 F. App'x at 314-15.

```
```
---
```
```

evidentiary hearing.

SO ORDERED this the 6th day of May, 2014.

               s/Carlton W. Reeves
               UNITED STATES DISTRICT JUDGE